**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA ex rel**
**JOSEPH PIACENTILE, M.D.**                                          PLAINTIFF

        v.        Civil No. 04-5285

**BEVERLY ENTERPRISES, INC.;**
**HILL-ROM COMPANY, INC.;**
**NATIONAL PATIENT CARE SYSTEMS,**
**INC.; and HANGER ORTHOPEDIC**
**GROUP, INC.**                                                       DEFENDANTS

### O R D E R

Now on this 16th day of March, 2006, come on for consideration the following motions:

* **Defendant Hill-Rom Company, Inc.'s Motion To Dismiss** (document #15);

* **Defendant Hanger Orthopedic Group, Inc.'s Motion To Dismiss** (document #16); and

* defendant **Beverly Enterprises, Inc.'s Motion To Dismiss** (document #17),

and from said motions, and the responses thereto, the Court finds and orders as follows:

1. Plaintiff brings this suit under the provisions of the False Claims Act, **31 U.S.C. §3729 et seq.**, alleging that the defendants Beverly Enterprises, Inc. ("Beverly"), Hill-Rom Company ("Hill-Rom"), and Hanger Orthopedic Group, Inc. ("Hanger") presented false claims for reimbursement to Medicare, Medicaid,

and other federal health care programs, and conspired to provide prohibited kickbacks and referrals for their services. Count I (making false claims), Count II (keeping false records and making false statements), and Count IV (failing to refund overpayments) are brought only against Beverly. Count III (conspiracy) is brought against all defendants.

2. All defendants have moved for dismissal of the Amended Complaint. They make three arguments in favor of dismissal: that the Amended Complaint fails to state a claim upon which relief can be granted; that it fails to plead fraud or conspiracy with the requisite specificity; and that some of the claims are barred by the statute of limitations. Hanger also contends that it is not a proper party.

3. The Court turns first to the contention that plaintiff has failed to plead fraud with the requisite particularity, because that argument may prove dispositive of the entire case. **F.R.C.P. 9(b)** requires that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." The Eighth Circuit has held that this applies to claims under the False Claims Act, and that the claim "must identify who, what, where, when, and how." **U.S. ex rel. Costner v. U.S.**, **317 F.3d 883 (8th Cir. 2003).**

The parties have each made cogent arguments about whether, and why, the Amended Complaint is or is not deficient when

-2-

evaluated against the requirements of **Rule 9,** but in the meantime, the Eighth Circuit has decided a case which definitively addresses the issue. **U.S. ex rel. Joshi v. St. Luke's Hospital**, --- F.3d ---, **2006 WL 522195 (8th Cir. 2006),** involved allegations similar to those of the case at bar. The FCA relator in that case, Dr. Joshi, alleged that St. Luke's Hospital had submitted false claims for Medicare and Medicaid reimbursement for anesthesia services performed by Dr. Bashiti, and alleged that Dr. Bashiti had conspired with St. Luke's in a scheme to defraud the government.

The Eighth Circuit first laid out the blackletter law on what **Rule 9** requires a plaintiff to allege in an FCA case:

> Because the FCA is an anti-fraud statute, complaints alleging violations of the FCA must comply with Rule 9(b). Under Rule 9(b), the circumstances constituting fraud . . . shall be stated with particularity. Rule 9(b)'s particularity requirement demands a higher degree of notice than that required for other claims, and is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations. To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. Put another way, the complaint must identify the "who, what, where, when and how" of the alleged fraud.

(Internal citations and quotation marks omitted.)

The court then analyzed Dr. Joshi's allegations, and found them wanting:

> Dr. Joshi failed to allege with any specificity the particular circumstances constituting St. Luke's and Dr. Bashiti's alleged fraudulent conduct. Absent from the

-3-

complaint are any mention of (1) the particular CRNAs who allegedly performed patient care and administered anesthesia services unsupervised, (2) when Dr. Bashiti falsely claimed to have supervised or directed CRNAs, (3) who was involved in the fraudulent billing aspect of the conspiracy, (4) what services were provided and to which patients the services were provided, (5) what the content was of the fraudulent claims, (6) what supplies or prescriptions were fraudulently billed and to which patients the supplies or prescriptions were provided, (7) what dates the defendants allegedly submitted the false claims to the government, (8) what monies were fraudulently obtained as a result of any transaction, or (9) how Dr. Joshi, an anesthesiologist, learned of the alleged fraudulent claims and their submission for payment. Simply put, the complaint fails to identify specifically the "who, what, where, when, and how" of the alleged fraud.

The Eighth Circuit rejected Dr. Joshi's contention that he was claiming that every invoice submitted during the time period covered by his allegations was fraudulent, stating that "Rule 9(b) requires more than such conclusory and generalized allegations."

Recognizing the impossibility of pleading the specifics of every fraudulent transaction over a course of years, the court held that

> neither this court nor Rule 9(b) requires Dr. Joshi to allege specific details of *every* alleged fraudulent claim forming the basis of Dr. Joshi's complaint. However, to satisfy Rule 9(b)'s particularity requirement and to enable St. Luke's and Dr. Bashiti to respond specifically to Dr. Joshi's allegations, Dr. Joshi must provide *some* representative examples of their alleged fraudulent conduct, specifying the time, place, and content of their acts and the identity of the actors.

(Emphasis in original.)

4.  A comparison of the Amended Complaint in the instant

case to the complaint in **Joshi** reveals virtually the same pleading deficiencies. The Amended Complaint does not identify (1) the particular individuals who are alleged to have juggled costs, made kickback decisions, delayed patient care, manipulated treatment decisions for financial reasons, or engaged in any of the other fraudulent practices alleged; (2) when any of the specific acts of alleged fraud occurred; (3) who was involved in the fraudulent billing aspect of the conspiracy; (4) what services were provided and to which patients the services were provided; (5) what the content was of the fraudulent claims; (6) to which patients the medical equipment and services were provided; (7) what dates the defendants allegedly submitted the false claims to the government; or (8) what monies were fraudulently obtained as a result of any transaction.

While the Amended Complaint does detail how plaintiff learned of the alleged fraudulent claims, the other aspects of a well-pled fraud claim are missing from the Amended Complaint. Rather, the Amended Complaint pleads only a generalized description of how certain agents and employees of the defendants believed their employer was involved in a scheme to defraud. This is not the type of specificity which will satisfy the requirements of **Rule 9**.

5. Finding that the Amended Complaint does not satisfy the pleading requirements of **Rule 9** does not end the matter, because there exists, at least in the abstract, the possibility that

amendment might cure the defects pointed out in ¶4. Defendants contend that the case should be dismissed with prejudice, pointing out that the initial complaint was filed on November 19, 2004, and that the FCA requires a relator to furnish to the government, at the time of filing, "written disclosure of substantially all material evidence and information the person possesses," so that the government may make a decision about whether to intervene. Not having shored up his pleading in the fifteen months since he had to produce "substantially all material evidence" - even in the face of the motions to dismiss - defendants reason that plaintiff simply does not have information of the specificity required.

The Court is unwilling to dismiss the case on this reasoning, calling, as it does, for a certain amount of speculation about what plaintiff may be able to plead. It believes that the better course is to deny the pending motions, and allow plaintiff thirty days to amend his complaint to satisfy the pleading requirements of **Rule 9**, in light of the explicit application of that rule to FCA cases found in **Joshi**. Should plaintiff fail to timely amend, his Amended Complaint will be dismissed *sua sponte*. Should the Amended Complaint be amended, defendants may renew their motions to dismiss as to the remaining arguments, and any new argument that appears proper to them in light of the new filing.

**IT IS THEREFORE ORDERED** that **Defendant Hill-Rom Company, Inc.'s Motion To Dismiss** (document #15) is **denied**.

**IT IS FURTHER ORDERED** that **Defendant Hanger Orthopedic Group, Inc.'s Motion To Dismiss** (document #16) is **denied.**

**IT IS FURTHER ORDERED** that defendant **Beverly Enterprises, Inc.'s Motion To Dismiss** (document #17) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff is given thirty (30) days in which to amend his Amended Complaint, failing which, this matter will be dismissed *sua sponte.*

**IT IS SO ORDERED.**

                                             /s/ Jimm Larry Hendren
                                             **JIMM LARRY HENDREN**
                                             **UNITED STATES DISTRICT JUDGE**